UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN PROPERTIES, LTD., a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>NORMAN HIGGINS, individually and doing business as LINCOLN VILLAGE CLEANERS and MODERN CLEANERS, et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. 2:91-CV-00760-JAM-GGH<br><br>**ORDER REGARDING PETITION FOR APPOINTING REPLACEMENT TRUSTEE**<br><br>Date: November 16, 2011<br>Time: 9:30 a.m.<br>Dept: Courtroom 2<br>Judge: Hon. John A. Mendez |

This Order follows the filing of a joint petition by Lincoln Properties, Ltd. ("LPL") as a settlor of the Lincoln Center Remediation Trust ("the Trust") and American International Specialty Lines Insurance Company k/n/a Chartis Specialty Insurance Company ("AISLIC") requesting this Court to appoint Joe Niland as a replacement trustee.

**BACKGROUND:**

LPL is a settlor of the Lincoln Center Remediation Trust. American International Specialty Lines Insurance Company k/n/a Chartis Specialty Insurance Company ("AISLIC") is the issuer of the Lincoln Center Environmental

Remediation Trust Pollution Legal Liability Select Policy # EPP2673166 which is an asset of the Lincoln Center Environmental Remediation Trust ("LCERT"). The Declaration of Trust for the Lincoln Center Environmental Remediation Trust ("Declaration of Trust") was signed by The Honorable David F. Levi on May 15, 2001. A copy of the Declaration was attached as Exhibit 1 to the Declaration of Joseph A. Salazar Jr., filed concurrently with the subject Petition.

Judge Levi executed a second pleading on May 15, 2001. This was an Amended First Final Consent Decree, Final Order, Final Judgment, and Order Terminating Permanent Injunction ("Amended First Final Consent Decree"). Broadly speaking, this Order addressed the way in which the remediation would take place. A true and correct copy was attached as Exhibit 2 to the Salazar Declaration. The Court finds that Exhibits 1 and 2 are the operative documents in considering the Petition..

Mark Adams of Point Environmental was the initial Trustee of the LCERT (See Exhibit B to the Declaration of Trust, Exhibit 1). The LCERT funding consisted of $1,047,000 in cash and $16,770,953.72 which would be used to purchase the AISLIC policy identified above (See Exhibit A to the Declaration of Trust, Exhibit 1). Trustee compensation was to be funded by the cash component placed into the LCERT.

As the Court is aware from prior hearings, the cash component of the Trust has been exhausted. On or about August 11, 2011, Mr. Adams offered his resignation to the Court via letter. The resignation stated that the resignation would become effective September 10, 2011.

**MECHANISM TO APPOINT REPLACEMENT TRUSTEE**

Section 11.02 in the Declaration of Trust addresses how the vacancy is filled. (See Exhibit 1, pg 8.) It provides that: "Any vacancy in the office of Trustee shall be filled by the Court upon consultation with Lincoln Properties, Ltd. and AISLIC

using the same methodology relied on to select the initial Trustee as set forth in Section V.B of the Amended First Final Consent Decree."

Section V.B of the Amended First Final Consent Decree (Exhibit 2) provides that LPL and AISLIC will provide a list of mutually agreeable and competent candidates with appropriate documentation demonstrating competency. The Court can then make the replacement by Order. Section V.B does not specifically require the parties to provide a list of multiple candidates. LPL and AISLIC have provided the name of Joe Niland along with appropriate background material for the court to make a determination of the candidate's qualifications.

In addition to providing the name and qualifications of Mr. Niland, LPL and AISLIC have reached agreement on the following items:

1. Funding for the Replacement Trustee. Representatives from LPL and AISLIC have had multiple meetings and conference calls, vetting potential candidates for the Replacement Trustee position. These representatives have also reviewed proposed budgets from the candidates as part of the review process. The parties have agreed to using GeoSyntec Consultants, Principal Joseph Niland located in Sacramento, CA and will fund the reasonable Replacement Trustee salary and costs outside of the LCERT.

2. LPL and AISLIC have agreed to fund the reasonable administrative costs associated with the file transfer from Mark Adams to the new Trustee. These costs will be borne by the Replacement Trustee rather than Mr. Adams.

3. LPL and AISLIC, as part of the Petition, have requested that the Court select GeoSyntec Consultants, Principal Joseph Niland as the Replacement Trustee.

///
///
///
///
///

# ORDER

Based upon the jointly filed Petition and supporting papers filed concurrently therewith, the Court makes the following order:

1. GeoSyntec Consultants, Principal Joseph Niland, located in Sacramento, CA is appointed as Replacement Trustee. LPL and AISLIC are ordered to fund the reasonable Replacement Trustee salary and costs outside of the LCERT.
2. LPL and AISLIC are ordered to fund the reasonable administrative costs associated with the file transfer from Mark Adams, the former trustee, to the new Trustee. These costs are ordered to be borne by the Replacement Trustee rather than Mr. Adams.

IT IS SO ORDERED.

Dated:   11/22/2011

/s/ John A. Mendez
U. S. District Court Judge

LEWIS BRISBOIS